IRMA NICHOLE BAUER

VERSUS

RAUL EDUARDO MENA

NO. 22-C-234

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Susan S. Buchholz
First Deputy, Clerk of Court

May 31, 2022

Susan Buchholz
First Deputy Clerk

**IN RE** RAUL EDUARDO MENA

**APPLYING FOR** SUPERVISORY WRIT FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT, PARISH OF JEFFERSON, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE JUNE B. DARENSBURG, DIVISION "C", NUMBER 734-505

Panel composed of Judges Susan M. Chehardy,
Jude G. Gravois, and Robert A. Chaisson

### WRIT GRANTED; INTERIM VISITATION ORDER VACATED IN PART; STAY LIFTED

Relator, Raul Eduardo Mena, seeks this Court's emergency supervisory review of the trial court's May 19, 2022 Interim Order that granted supervised visitation to Irma Nichole Bauer of the parties' three minor children in South Carolina for a period of four weeks starting on May 27, 2022 at 10:00 a.m.

According to the writ application, opposition, and attachments thereto, on March 9, 2020, Mr. Mena was granted sole custody of the three minor children, subject to supervised visitation with Ms. Bauer. Ms. Bauer was to submit a urine test on the Mondays preceding her Saturday visitations, which were to be supervised by her mother and occur in the New Orleans area. In December 2021, Ms. Bauer's sister and brother-in-law, Elizabeth and Adam Dubose, who reside in South Carolina, filed a petition for intervention for temporary custody pursuant to La. C.C.P. art. 3945 and to set a hearing to determine permanent custody. In the petition, they alleged that both parents have a history of substance abuse and that Mr. Mena has a history of domestic abuse. Trial on the matter was set for April 20, 2022;[1] however, the trial did not occur on that date, and the parties instead held a status conference. All parties were drug tested on April 20, 2022 by both a urine sample and a hair follicle sample. The urine drug test results showed that Ms. Bauer and Mrs. Dubose were positive for alcohol and marijuana, Mr. Dubose was positive for alcohol, and Mr. Mena was positive for Buprenorphine. The hair follicle test results, which were returned on April 25, 2022, showed all parties negative for all substances.

---

[1] The Stuart H. Smith Law Clinic and Center for Social Justice of the Loyola College of Law was appointed to represent the minor children.

A custody evaluation by Dr. Karen van Beyer was submitted to the trial court on May 8, 2022. A status conference was then held on May 9, 2022 via Zoom, and on May 19, 2022, the trial court issued an Interim Order, in which the trial court granted Ms. Bauer supervised visitation with the minor children in South Carolina for a period of four weeks to begin on May 27, 2022. Mr. and Mrs. Dubose would be the supervisors, and the children were not to be left alone with Ms. Bauer. Further, the order required that all parties be randomly drug screened at least three times a week until further notice. If Mr. or Mrs. Dubose test positive for drugs or alcohol, then the visitation shall terminate immediately, and the children should return to Louisiana.

In his writ application, Mr. Mena argues that the trial court erred in granting Ms. Bauer supervised visitation with her minor children in South Carolina for one month when she has a history of drug abuse and when she recently tested positive for alcohol and marijuana. Mr. Mena argues that the trial court based this decision on Dr. van Beyer's custody evaluation; however, he was not allowed to cross-examine anyone or present any testimony or evidence at the status conference on May 9, 2022. He contends that until a full trial on the merits can occur, when the parties can cross-examine witnesses and present evidence, the March 9, 2020 judgment should remain in full force and effect. *See Bergeron v. Bergeron*, 492 So.2d 1193 (La. 1986).

La. C.C. art 136 provides that "[a] parent not granted custody or joint custody of a child is entitled to reasonable visitation rights unless the court finds, *after a hearing*, that visitation would not be in the best interest of the child." (Emphasis added.) As with custody, the paramount criterion for determining a noncustodial parent's right to visitation is the best interest of the child. *Kaptein v. Kaptein*, 16-1249 (La. App. 4 Cir. 6/14/17), 221 So.3d 231, 238, *writ denied*, 17-1421 (La. 10/9/17), 228 So.3d 746. The question of visitation is always open to change when the conditions warrant it. *Id.*

Upon review, on the showing made, it appears that a proper contradictory hearing regarding the change in visitation has not occurred. Therefore, this writ application is granted. We vacate, in part, the trial court's May 19, 2022 Interim Order, except that those rulings that pertain to the drug testing of all parties, those rulings associated with the upcoming *Watermeier* Hearing set for June 24, 2022, and the exceptions set for hearing on May 31, 2022, shall remain in effect. The trial on the merits in this case shall remain as set for July 21-22, 2022. Further, we order the trial court to set and conduct, expedited if necessary, a contradictory hearing concerning all matters regarding summer visitation, both in Louisiana and South Carolina. The stay granted by this Court on May 24, 2022 is hereby lifted.

Gretna, Louisiana, this 31st day of May, 2022.

**JGG**
**SMC**
**RAC**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

MARY E. LEGNON
INTERIM CHIEF DEPUTY CLERK

SUSAN S. BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



**FIFTH CIRCUIT**

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS DAY **05/31/2022** TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**22-C-234**

### E-NOTIFIED

24th Judicial District Court (Clerk)
Honorable June B. Darensburg (DISTRICT JUDGE)

| | |
|---|---|
| Cheryl P. Buchert (Respondent) | Jacqueline F. Maloney (Relator) |
| Cindy H. Williams (Respondent) | Lila M. Samuel (Respondent) |

### MAILED

Giacomo A. Castrogiovanni (Relator)
Attorney at Law
3337 North Hullen Street
Suite 300
Metairie, LA 70002

5/31/22

**SENDER: *COMPLETE THIS SECTION***

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

**1. Article Addressed to:**

Giacomo A. Castrogiovanni
Attorney at Law
3337 North Hullen Street/Suite 300
Metairie, LA 70002
22-C-234                    05-31-22

9590 9401 0083 5168 4398 17

**2. Article Number** *(Transfer from service label)*

7016 2070 0000 0954 6809

PS Form **3811**, April 2015 PSN 7530-02-000-9053

*COMPLETE THIS SECTION ON DELIVERY*

**A. Signature**

X ☑ Agent
☐ Addressee

**B. Received by** *(Printed Name)*    **C. Date of Delivery**
6-7-22

**D.** Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

**3. Service Type**
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☑ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

**Domestic Return Receipt**